**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

LIA DEVITRI, EVA GRASJE, SYANE KALOH, JOHN LONDA, MELDY LUMANGKUN, MARTIN LUMINGKEWAS, MEIVE LUMINGKEWAS, TERRY ROMBOT, AGUS SETIAWAN, FREDDY SOMBAH, POPPY SOMBAH, and all other individuals similarly situated,

Petitioners/Plaintiffs,

v.

CHRIS M. CRONEN
Boston Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement

TIMOTHY STEVENS
Manchester Sub-Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement

ELAINE C. DUKE
Acting Secretary of the U.S. Department of Homeland Security

Respondents/Defendants.

Civil Action No. _____

**<u>MOTION FOR PRELIMINARY INJUNCTION AND STAY OF REMOVAL</u>**

Petitioners/Plaintiffs are Christian Indonesian nationals who have resided in the United States for many years. They have been subject to final orders of removal for years, but the government permitted them to reside in the community under Orders of Supervision through a program called "Operation Indonesian Surrender." The government discontinued that program, but instead of allowing the program participants time to seek the immigration relief potentially available to them, the government is ordering them to report immediately to immigration field offices with tickets to Indonesia. Two Petitioners/Plaintiffs, married couple Freddy and Poppy Sombah, whose circumstances were detailed yesterday in the *Manchester Union Leader*, are scheduled for removal this Wednesday, September 27, 2017. *See* Shawne K. Wickham,



4818-0261-1792.1

"Somersworth man: 'DACA saved me, but my parents are facing deportation'", *Manchester Union Leaders* (Sept. 24, 2017), *available at* http://www.unionleader.com/Somersworth-man:-DACA-saved-me,-but-my-parents-are-facing-deportation. They, and the class of similarly situated individuals they seek to represent in this representative action, now face imminent removal to Indonesia. Under current conditions, which are documented by authoritative sources, Petitioners/Plaintiffs face a significant risk of persecution and torture in Indonesia on account of their Christian faith. The government's haste in seeking to remove them without affording them an opportunity to reopen their immigration cases deprives them of due process and violates U.S. law, which, *inter alia*, prohibits the removal of individuals to countries where they would face a likelihood of persecution or torture.

1. Pursuant to Fed. R. Civ. P. 65, Petitioners/Plaintiffs seek a Preliminary Injunction and Stay of Removal that bars Respondents/Defendants from removing Petitioners/Plaintiffs until an appropriate process has determined whether, in light of current conditions and circumstances, or any other valid basis, they are entitled to mandatory protection from removal.

2. For the reason set forth in the accompanying Memorandum of Law, Petitioners/Plaintiffs seek a Preliminary Injunction and Stay of Removal to prevent the irreparable harm that would result from Defendants/Respondents removing Petitioners/Plaintiffs—and the putative class of similarly situated individuals that that they seek to represent—from the United States before this Court has had an opportunity to consider and rule on the merits of Petitioner/Plaintiffs' contemporaneously filed Class Petition for Writs of Habeas Corpus and Mandamus and Class Complaint for Declaratory and Injunctive Relief.

3. Petitioners/Plaintiffs specifically request that this injunctive relief apply to all the members of the class which they have defined as: "All Indonesian nationals within the

jurisdiction of the Boston ICE Field Office, with final orders of removal, who have been, or will be, arrested, detained, or removed by ICE after having participated at any time in 'Operation Indonesian Surrender.'" On information and belief, Petitioners/Plaintiffs estimate that approximately 70 individuals fit this description.

4. Petitioners/Plaintiffs also request that Respondents/Defendants be ordered to turn over the names of all Indonesian nationals within the jurisdiction of the Boston ICE Field Office, with final orders of removal, who have been, or will be, arrested, detained, or removed by ICE after having participated at any time in "Operation Indonesian Surrender."

5. Petitioners/Plaintiffs stand ready to present argument and/or evidence in support of this motion if helpful to the court's determination.

For the reason set forth in the accompanying Memorandum of Law, Petitioners/Plaintiffs seek a preliminary injunction and stay of removal that would bar Respondents from removing Petitioners/Plaintiffs or any other members of the putative class until an appropriate process has determined whether, in light of current conditions and circumstances in Indonesia, or on any other valid basis, they are entitled to protection from removal. Petitioners/Plaintiffs respectfully request the opportunity to supplement their Memorandum of Law in Support of this Motion in reply to any opposition offered by Respondents/Defendants.

**WHEREFORE**, Petitioners/Plaintiffs respectfully request that this Honorable Court:

A. Assume jurisdiction over this matter;

B. Issue a preliminary injunction and stay of removal, temporarily prohibiting Petitioners'/Plaintiffs' removal, and that of all putative class members, until this action is decided;

C. Order Respondents/Defendants to provide Petitioners'/Plaintiffs' counsel with a list of all class members and copies of their A files (immigration files) and program descriptions, criteria, or policy memoranda relating to "Operation Indonesian Surrender";

D. Enjoin Respondents/Defendants from removing Petitioners/Plaintiffs and all putative class members to Indonesia without first providing them with sufficient opportunity to establish that, in light of current conditions and the likelihood that they would suffer persecution or torture if removed to Indonesia, or any other valid grounds, they are entitled to protection against such removal, and enter a writ of mandamus for that same purpose;

E. Enjoin Respondents/Defendants from removing Petitioners/Plaintiffs and all putative class members to Indonesia until they have been given sufficient time to enable them to file motions to reopen their removal orders and seek stays of removal from the immigration court; specifically, each member of the petitioner class should be given four months to file their motions to reopen, starting when the government provides a copy of the individual's A-file and the Record of Proceedings to the Petitioner's immigration counsel (i.e., counsel who has filed a G-28 form or equivalent) or, if the Petitioner does not have counsel, to the Petitioner; a petitioner who does file a motion to reopen will be protected by the stay until such time as the immigration court and the Board of Immigration Appeals ("BIA") adjudicate the motion, and the Petitioner has had the opportunity to file a petition for review and seek a stay with the Court of Appeals.

F. Enjoin Respondents/Defendants from transferring Petitioners/Plaintiffs and all putative class members outside of the jurisdiction of the Boston ICE Field Office;

G. Order Respondents/Defendants to release all Petitioners/Plaintiffs and all putative class members from detention absent an individualized determination by an impartial adjudicator that their detention is justified based on danger or flight risk, which cannot be sufficiently addressed by alternative conditions of release and/or supervision;

H. Grant such other further relief as is just and equitable.

Respectfully Submitted,

PETITIONERS/PLAINTIFFS

By Their Attorneys,

/s/ *W. Daniel Deane*
W. Daniel Deane (BBO# 568694)
Nathan P. Warecki (BBO# 687547)
NIXON PEABODY LLP
900 Elm Street
Manchester, NH 03101

Ronaldo Rauseo-Ricupero (BBO# 670014)
Sydney Pritchett (BBO# 694195)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000
rrauseoricupero@nixonpeabody.com

Date: September 25, 2017

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on September 25, 2017, and will be transmitted by electronic mail to the Office of the United States Attorney for the District of Massachusetts.

/s/ *Ronaldo Rauseo-Ricupero*