# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIA DEVITRI, et al., <br><br> Petitioners/Plaintiffs, <br> v. <br><br> CHRIS M. CRONEN, et al., <br><br> Respondents/Defendants. | Civil Action No.17-cv-11842-PBS |

## SWORN DECLARATION OF DEBORAH ANKER

I, Deborah Anker, under oath, depose and say as follows:

1. I am a Clinical Professor of Law at Harvard Law School and Founder and Director of the Harvard Law School Immigration and Refugee Clinical Program.  In that capacity, I have supervisory responsibility for a staff of ten persons; I both supervise students working on asylum cases and represent persons seeking asylum in the United States.  I have taught immigration, refugee and asylum law to students at Harvard Law School for over thirty years. I am the author of the well-known treatise "Law of Asylum in the United States," and I have published various articles and amicus briefs related to U.S. and international refugee law.

2. In addition to my scholarship, my supervisory responsibilities, and representation of asylum seekers, I stay apprised of developments in immigration and asylum law and in practice by regularly monitoring legal industry publications, published research reports, decisions of the Supreme Court of the United States, United States Courts of Appeal, the Board of Immigration Appeals, various decisions of immigration judges, administrative training and instructional materials, and relevant news sources.  I am also a member of a wide variety of "listservs" and working groups wherein academics and practitioners share recent knowledge and experience.

3. I submit this affidavit to explain the steps an attorney must take to prepare an adequate motion to reopen where the applicant is seeking asylum, withholding of removal or Convention against Torture ("CAT") protection.

4. Where a person is in removal proceedings, he or she must file a motion to reopen with either the Immigration Court or the Board of Immigration Appeals, depending upon which body last had jurisdiction over the claim.  The regulations

require "the appropriate application for relief and all supporting documentation" be included with the motion. 8 C.F.R. § 1003.2(c) (1). A person filing a motion to reopen in connection with a claim to asylum, withholding or torture protection based on changed country conditions therefore must prepare and file the underlying application for protection. The application and motion must be submitted with evidence showing that circumstances have changed since their last immigration hearing. *See* 8 U.S.C. § 1229a(c)(7)(B) ("The motion shall state the new facts that will be proven at a hearing to be held if the motion is granted, and shall be supported by the affidavits or other evidentiary material."). A person who previously filed such an application can file a motion to reopen based on changed country conditions.

5. The applicant must demonstrate not only changed country conditions, but also evidence of how those conditions create a particularized risk.

6. Preparing a motion to reopen requires an investigation of country conditions as they bear upon the individual circumstances of the applicant. It is not sufficient to offer evidence of changed or deteriorated country conditions in general, no matter how severe these changes may be. In all these forms of protection – asylum, withholding or CAT – a person must establish that he or she is at special risk.

7. For example, there may be country condition evidence of increased repression stemming from the government or the population against a given minority religious or ethnic or political group, or evidence of ineffectual state protection. However, except under extreme circumstances, this will not be sufficient to establish an individualized risk to the claimant. Rather, the applicant must show that, for example, his or her family, persons in his region or neighborhood, fellow members of a student group members of a local church, and/or another group with whom he is she is associated have been targeted, or harmed. The applicant may show that threats against him or her have been made, or authorities are aware of his or her relevant activities or associations, in the United States.

8. Adequate investigation and representation requires a lawyer to examine conditions in light of the individual's personal history and circumstances. Investigation of such particular circumstances requires careful and lengthy interviewing of the applicant to understand his or her relevant personal background and history both in the home country and United States, consultation with persons who know the applicant or knew him or her in the past, experts and relevant international or non-governmental organizations, etc. As noted, in some cases, activities of the applicant in the United States place him or her at greater and particularized risk.

9. This kind of preparation, identification and gathering of relevant evidence requires time. It requires the gathering of corroborating records and declarations from inside and outside the United States.

10. Adequate presentation also requires that a lawyer review the A-File. The A-

> File will contain the record of evidence and pleadings from any prior removal proceedings. Because the changed country conditions motion necessarily focuses upon changes since the initial proceeding, the A-File provides the necessary baseline for comparison. It also may provide basic biographical information relevant to present risks.

11. In older cases, careful A-file review may be particularly important. For example, the applicant may previously have submitted corroborating material such as declarations or records of past harm or threats that are relevant to his or her current circumstances and vulnerability to persecution or torture. This material may not exist in another form or otherwise may be unknown or lost.

12. A-Files are in the custody of the United States Citizenship and Immigration Service (USCIS). Currently, a FOIA request for an A-File will take several weeks to months to produce. Older requests will be processed more slowly.

13. I estimate that after receiving A-File, it takes between six weeks to three months and sometimes considerably longer, to prepare and file a motion to reopen.

14. A lawyer cannot request a stay until the motion to reopen itself has been properly prepared and filed. The work done to investigate, prepare, and file a motion to reopen must precede the filing of the stay motion either with the Immigration Judge or the Board of Immigration Appeals. A stay motion will not be granted unless an individual makes a prima facie showing of having met the requirements for both the motion to reopen and the underlying protection sought.

Signed under the pains and penalties of perjury this 4th day of January, 2018.

_/s/ Deborah Anker_
Deborah Anker