# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIA DEVITRI, et al.,<br><br>                    Petitioners/Plaintiffs,<br><br>v.<br><br>CHRIS M. CRONEN, et al.,<br><br>                    Respondents/Defendants. | Civil Action No.17-cv-11842-PBS |

**<u>AFFIDAVIT OF SAHER MACARIUS, ESQ.</u>**

I, Saher Macarius, under oath, depose and say as follows:

1. I am an adult resident of Massachusetts and make this affidavit based upon my own knowledge. This Affidavit is made in support of Petitioners/Plaintiffs in the above-referenced matter. I have personal knowledge of the facts in this Affidavit, and would be competent to testify thereto.

2. I am an experienced immigration law practitioner and owner of The Law Offices of Saher Joseph Macarius, LLC in Framingham, Massachusetts. I have served as an immigration attorney for decades. I have handled proceedings before the Boston Immigration Court, the Board of Immigration Appeals, the U.S. District Courts, and the U.S. Court of Appeals for the First Circuit, including dozens of motions to reopen and motions to stay pending adjudication over the course my career. My office was involved in landmark immigration cases which changed immigration law throughout the country such as *Succar v. Ashcroft* (1st Cir. 2005) and *Chedad v. Mukasey* (1st Cir. 2008).

3. I am retained counsel to Petitioners/Plaintiffs Kujono Gunardi and Lenny Sutanto.

4. Gunardi and Sutanto were participants in Operation Indonesian Surrender.

5. During their time in the program, Gunardi and Sutanto carefully abided by the terms of their Orders of Supervision (OSUPs), including making reports to ICE as requested.

6. This office filed repeated Form I-246 (Application for Extension of Stay) with ICE on their behalf, and these were routinely granted; ICE was familiar with my clients due their frequent check-ins.

7. Nothing substantive changed about my client's conduct or status, but unexpectedly, on August 22, 2017, my clients' application of extension of stay was denied; this was surprising because they had abided by the terms of the OSUPs for years.

8. The denial of that stay does not necessarily indicate that physical removal is imminent; I have many clients who have remained in the United States after denial of I-246 Applications.

9. During the following weeks, despite my office's best efforts at advocacy, ICE refused to extend the OSUP and in August 2017, demanded that Gunardi and Sutanto return to ICE in 30 days with tickets to Indonesia 30 days thereafter, essentially demanding that they self-deport as a condition of the OSUP.

10. In September 2017, I filed a motion to reopen before the Board of Immigration Appeals on grounds including changed country conditions. I was able to do this because our office had retained a version of these clients' A-Files from earlier in our representation of them, and therefore we were prepared to file on their behalf.

11. I did not file an emergency motion to stay their deportation because it is both the stated practice of the Board pursuant to BIA Practice Manual at § 6(d)(i), and my considerable experience that the Board will not consider motions to stay if the individual is not in physical custody of ICE.

12. It is my understanding that the only reason my clients were not removed in October 2017 was the order of this Court.

13. For this reason, I believe that if this court dissolves its stay, even if all Petitioners/Plaintiffs will have filed Motions to Reopen, they will remain at risk of immediate removal prior to any action of the Board. This could be devastating, and could subject Petitioners/Plaintiffs, including my clients, to removal to Indonesia where the country conditions are extremely hostile to Christians and could put them in danger of persecution, torture, or death.

Signed under the pains and penalties of perjury this 3rd day of January, 2018.

/s/ *Saher Macarius*

Saher Macarius, Esq.