# EXHIBIT F

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LIA DEVITRI, et al.,<br><br>         Petitioners/Plaintiffs,<br>v.<br><br>CHRIS M. CRONEN, et al.,<br><br>         Respondents/Defendants. | Civil Action No.17-cv-11842-PBS |

## AFFIDAVIT OF ENRIQUE F. MESA, JR., ESQ.

I, Enrique F. Mesa, Jr., under oath, depose and say as follows:

1. I am an adult resident of New Hampshire and make this affidavit based upon my own knowledge. This Affidavit is made in support of Petitioners/Plaintiffs in the above-referenced matter. I have personal knowledge of the facts in this Affidavit, and would be competent to testify thereto.

2. I am an experienced immigration law practitioner and name partner at Mesa Law LLC in Manchester, New Hampshire. I have served as an immigration attorney for decades. I have handled proceedings before the Boston Immigration Court, the Board of Immigration Appeals, the U.S. District Courts, and the U.S. Court of Appeals for the First Circuit, including dozens of motions to reopen and motions to stay pending adjudication over the course my career.

3. I am retained counsel to Petitioners/Plaintiffs to Heru Kurniawan and Deetje Patty.

4. Kurniawan and Patty were participants in Operation Indonesian Surrender. Unlike many other program participants, at the time that the program was discontinued in August

2017, Kurniawan and Patty had already been preparing applications for immigration relief and had obtained their administrative file.

5. As a result, at around the time that the Complaint was filed in this action, Kurniawan and Patty filed their motion to reopen before the Board of Immigration Appeals; they did so because they had a U.S. citizen child who had reached age 21 and was able to petition for legal permanent resident status on their behalf; to my knowledge, no other remaining Petitioners/Plaintiffs have U.S. citizen children old enough to support their adjustment application.

6. ICE refused to extend the Order of Supervision (OSUP) and continued to demand that Kurniawan and Patty purchase plane tickets, essentially demanding that they self-deport as a condition of the OSUP.

7. As a result, in September 2017, I filed a motion to reopen along with a motion to stay removal pending adjudication before the Board of Immigration Appeals. On December 20, 2017, the Board denied the motion to reopen, but did not issue any ruling on the concurrently-filed stay motion.

8. Based on my experience and understanding, this is because the Board will not consider motions to stay if the individual is not in physical custody pursuant to BIA Practice Manual at § 6(d)(i).

9. It is my understanding that the only reason my clients were not removed in October 2017 was the order of this Court.

10. Now, in January 2018, since the Board issued a denial of the motion to reopen, but ignored the motion to stay, Kurniawan and Patty remain subject to the conditions of their OSUPs.

11. For this reason, I believe that if this court dissolves its stay, even if all Petitioners/Plaintiffs will have filed Motions to Reopen, they will remain at risk of immediate removal prior to any action of the Board. This could be devastating, and could subject Petitioners/Plaintiffs, including my clients, to removal to Indonesia where the country conditions are extremely hostile to Christians and could put them in danger of persecution, torture, or death.

Signed under the pains and penalties of perjury this 03 day of January, 2018.

/s/
Enrique F. Mesa, Jr., Esq.