# EXHIBIT G

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LIA DEVITRI, et al.,

                             Petitioners/Plaintiffs,

v.                                                  Civil Action No.17-cv-11842-PBS

CHRIS M. CRONEN, et al.,

                             Respondents/Defendants.

## AFFIDAVIT OF JAMES WILLIAM PIERESON, ESQ.

I, James William Piereson, under oath, depose and say as follows:

1. I am an adult resident of Massachusetts and make this affidavit based upon my own knowledge. This Affidavit is made in support of Petitioners/Plaintiffs in the above-referenced matter. I have personal knowledge of the facts in this Affidavit, and would be competent to testify thereto.

2. I am an attorney at Ropes & Gray LLP in Boston. I, along with my colleague Peter P. Holman, Jr., responded to the request for *pro bono* assistance to aid certain of the members of the class of Petitioners/Plaintiffs in light of this Court's temporary stay, and have, in association with that effort, been working to prepare a Motion to Reopen on behalf of my clients Franky and Sandra Massie. Both of my clients are Christian Indonesians living in the United States who fear removal to Indonesia because of the country's rising levels of intolerance of and violence targeting Christians, which they fear could put them in danger of persecution.

3. I have benefited from support services provided by the American Immigration Council in the efforts to prepare that filing, but remain disadvantaged by the difficulty of

1

obtaining documents relating to prior proceedings and having the opportunity to meaningfully review and keep said documents.

4. While this Court ordered the production of A-Files as part of this litigation in October, I have never received any such records for my clients. This has negatively impacted my ability to meaningfully represent them.

5. I understand that Records of Proceedings for my clients and other members of the class of Plaintiffs/Petitioners have been assembled at the Boston Immigration Court, but access is by appointment only and the records cannot be replicated in any way. For example, it is impermissible to photocopy or otherwise record any documents for future reference. This means that it is impossible for legal counsel to refer to a document while consulting their clients. This also unfairly impedes the full representation of the members of the class of Plaintiffs/Petitioners.

6. I understand that a Motion to Reopen is a "one-shot" filing, and the motion is decided without oral argument or opportunity for supplementation. Filing an incomplete motion that does not contain the forms of relief available to the Plaintiffs/Petitioners, a full procedural history of the case, or the necessary affidavits and evidence could very well result in the denial of the Motion to Reopen, and effectively result in their deportation.

7. I have reviewed Chapter 6.4 of the Board of Immigrations Appeal Practice Manual, which covers the Procedure for Requesting a Discretionary Stay.

8. The Board of Immigrations Appeal Practice Manual (at Chapter 6.4(d)(i)) states that "an emergency stay request may be submitted only when an alien is in physical custody and is facing imminent removal."

9. Because my clients—and, as I understand it, the remainder of the members of the class of Plaintiffs/Petitioners—are not in physical custody, my understanding is that this mechanism is not available to them.

10. The BIA Practice Manual also notes at Chapter 6.4(d)(ii) that a "non-emergency" stay is available, but my understanding from practitioners is that non-emergency stays are not effective in this circumstance because, absent this Court's order, my clients could be ordered by ICE to leave the country at any time, but would not be deemed to be "in physical custody" for "emergency motion" purposes.

11. I called the Board of Immigration Appeals on January 4, 2018, to inquire as to whether the Board would consider a motion to stay their deportation if filed along with the Motion to Reopen. I was advised by the Clerk's Office that the Board would accept, but would not consider or make a ruling on, such a motion to stay their removals if they are not currently in physical custody or if deportation is not imminent.

12. Because the plain terms of the Board of Immigrations Appeal Practice Manual state that such relief does not apply to the members of the class of Plaintiffs/Petitioners, and the Clerk's Office has confirmed that no such motion would considered, I believe this Court's injunction is crucial to prevent my clients and other members of the class of Plaintiffs/Petitioners from being removed to Indonesia where the country conditions are extremely hostile to Christians and could put them in danger of persecution, torture, or death.

Signed under the pains and penalties of perjury this fifth day of January, 2018.

/s/ *[signature]*

James William Piereson

3